PONDER, Judge.
Defendants appealed an award for general damages and lost wages as a result of an automobile accident. The sole issue is the amount of the award.
We affirm.
Prior to trial on the merits, defendants stipulated that there was no contest as to liability. The trial court awarded $8,000.00 for loss of earnings and $31,500.00 for physical pain and suffering.
Defendants allege three errors: the award of lost wages from April 28 to July 23 were not supported by the evidence; the computation of lost wages based on gross income rather than net income; and the award of an excessive amount for physical pain and suffering.
One medical expert found no disability from April 28, 1979 to July 23, 1979. However, plaintiff was either bedridden or hospitalized for extensive tests by another doctor’s orders. Evidently the trial court believed the latter doctor’s testimony. We do not find this election clearly wrong. Arceneaux v. Domingve, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The contention that the trial court should have used net income rather than gross income in computing damages is also *1183 without merit. We have held that the proper way to compute such damages is by using gross income. Moran v. Canal Indem. Ins. Co., 387 So.2d 1243 (La.App., 1st Cir. 1980). See also Reeves v. Louisiana and Arkansas Railway Co., 304 So.2d 370 (La.App., 1st Cir. 1974), writ denied, 305 So.2d 123 (La.1974).
We do not agree that the trial court abused its discretion by granting an excessive award for physical pain and suffering. Plaintiff is a cook who works standing all day. In the accident, he was thrown against the dashboard of his car and suffered various injuries, among them a lum-bosacral strain or sprain. He was hospitalized several times and was required to undergo several painful and dangerous medical procedures. At the very least, plaintiff suffered from a swollen nerve root; there is a likelihood of disc involvement. He is now probably more susceptible to future back injury. In short, under the circumstances, we do not find an articulable abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed against defendants-appellants.
AFFIRMED.